**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JONATHAN PIERRE GRAHAM,<br>                    Appellant, | DOCKET NUMBER<br>DC-1221-15-0661-W-3 |
|                    v. | |
| DEPARTMENT OF THE ARMY,<br>                    Agency. | DATE: May 4, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jonathan Pierre Graham</u>, Garner, North Carolina, pro se.

<u>Tamiesha C. Robinson-Asbery</u>, Aberdeen Proving Ground, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant filed an IRA appeal in which he alleged that the agency "released" him, "select[ing him] for termination," in retaliation for disclosing violations of law in connection with the agency's failure to use "Skills Knowledge and Ability" and for filing an equal employment opportunity (EEO) complaint in May 2012 alleging age discrimination and the agency's "failure to follow the required laws of 5 USC."  *Graham v. Department of the Army*, MSPB Docket No. DC-1221-15-0661-W-1, Initial Appeal File (IAF), Tab 1 at 5.  He requested a hearing.  *Id.* at 2.  With his appeal, the appellant enclosed a Notification of Personnel Action, Standard Form 50, showing that he was terminated from his Digital Systems Training Analyst position, effective January 3, 2015, on the expiration of his 3-year term appointment.  *Id.* at 7; IAF, Tab 7 at 19.  The agency cited "lack of funding" as its reason for not extending the appellant's appointment past the not-to-exceed date.  IAF, Tab 7 at 24.

¶3    During adjudication, the appellant requested that the appeal be dismissed pending the outcome of an investigation into matters he claimed were at issue in

the appeal, IAF, Tab 8, and, on that basis, the administrative judge dismissed the appeal without prejudice, *Graham v. Department of the Army*, MSPB Docket No. DC-1221-15-0661-W-1, Initial Decision at 1-3 (May 29, 2015). The appellant timely refiled the appeal, *Graham v. Department of the Army*, MSPB Docket No. DC-1221-15-0661-W-2, Appeal File, Tab 1, but, because the investigation was still pending, the administrative judge again dismissed the appeal without prejudice, *Graham v. Department of the Army*, MSPB Docket No. DC-1221-15-0661-W-2, Initial Decision at 3 (Mar. 25, 2016).

¶4    After the appellant sought another continuance, *Graham v. Department of the Army*, MSPB Docket No. DC-1221-15-0661-W-3, Appeal File (W-3 AF), Tab 1, the administrative judge issued an Order on Jurisdiction and Proof Requirements regarding the appellant's IRA appeal, W-3 AF, Tab 3. After reviewing the parties' submissions, W-3 AF, Tabs 4-7, including the contents of the complaint the appellant filed with Office of Special Counsel (OSC), W-3 AF, Tab 6 at 24-32, and OSC's close-out letter, *id.* at 33-34, the administrative judge found that the appellant exhausted his remedy before OSC as to his allegation that he received lower scores based on his evaluations after he disclosed to his supervisors that he was not working for the individual who wrote his evaluation, and that this disclosure was a factor in the agency's decision to terminate him at the expiration of his appointment, as was the EEO complaint he filed in May 2012. W-3 AF, Tab 8, Initial Decision (ID) at 9.[2]

---

[2] The administrative judge found, however, that the appellant did not exhaust before OSC: (1) his alleged disclosure to a management official that he would tell another management official about all of the issues in the office; (2) his alleged disclosure to management officials that the agency violated Department of Defense and Department of the Army policy by failing to follow the merit system principles in the process it employed to retain some, but not all, similarly situated term employees; (3) his alleged disclosure regarding his attempts to recruit other employees to raise issues of age discrimination; and (4) his alleged disclosures of theft and conspiracy within the work environment, including statements made during the investigation into those allegations. ID at 9-10.

¶5    The administrative judge found, however, that the appellant did not make a protected disclosure that he exhausted before OSC.[3]   ID at 11.   The administrative judge found that the appellant's disclosures regarding age discrimination are not protected disclosures, *id.*, and that he did not nonfrivolously allege that the agency violated a law, rule, or regulation when he reported that he was given his mid-year evaluation by an individual who was not his supervisor during the rating period because that person was the appellant's supervisor at the time of the evaluation, ID at 11-12.  The administrative judge further found that the appellant failed to nonfrivolously allege that the agency retaliated against him for engaging in the EEO process because he did not allege that he was thereby seeking redress as to remedying a violation of 5 U.S.C. § 2302(b)(8).[4]   5 U.S.C. § 2302(b)(9)(A)(i); ID at 13-14.   Therefore, the administrative judge dismissed the IRA appeal for lack of jurisdiction.  ID at 1, 15.

¶6    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

## ANALYSIS

¶7    On review, the appellant argues that he made protected disclosures in a May 19, 2012 letter he wrote to a management official in which he reported that a Team Lead had impersonated a military officer, committed time fraud, and

---

[3] Notwithstanding this statement, it is clear that the administrative judge applied the analysis appropriate at this jurisdictional stage of the proceeding to find that the appellant failed to nonfrivolously allege that he made a protected disclosure.  ID at 12; *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (finding that the Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action).

[4] Based on these findings, the administrative judge decided the case on the written record without convening the requested hearing.  ID at 14.

improperly used his Government credit card. PFR File, Tab 1 at 1; W-3 AF, Tab 4, Subtab 4. Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal. *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC, but appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion of their OSC remedies with evidence regarding their initial OSC complaint and other communications with OSC concerning their allegations. *See Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 8 (2010). Here, the appellant submitted only his original OSC complaint, IAF, Tab 1 at 10-15, and OSC's close-out letter.[5] *Id.* at 16-17. Our review of these documents reveals that the appellant did not exhaust before OSC the matters he now raises on petition for review. Because he did not exhaust his remedy as to those claims, the Board lacks jurisdiction to consider them. *Chambers*, 2022 MSPB 8, ¶ 11.

¶8      Similarly, the appellant argues on review that the administrative judge should have considered his claim that the agency falsely charged him with theft, although he acknowledges that this matter was "not ruled on as a complaint." PFR File, Tab 1 at 4. The administrative judge properly declined to consider this claim because the appellant failed to raise such allegations to OSC. *Mason*,

---

[5] The appellant did submit below an earlier OSC complaint he filed in 2014 and OSC's close-out letter. W-3 AF, Tab 4, Subtab 1. The administrative judge found that the appellant did not assert that he was seeking review of this complaint, and therefore she did not consider it. ID at 8 n. 6. The appellant has not challenged that finding on review and we see no reason to disturb it.

116 M.S.P.R. 135, ¶ 8; ID at 5 n.5.  The appellant also argues on review that "[n]ew evidence was not exhausted to the OSC but was submitted to this Court [sic] for consideration . . . ."  PFR File, Tab 1 at 3.  The appellant has not identified the "new evidence."  With his petition, he has submitted two documents, but both were submitted below.  *Id.* at 6-19, IAF, Tab 4, Subtabs 4, 8.  Because these documents are a part of the record below, they do not constitute new evidence.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

¶9      The appellant argues for the first time on review that, in terminating him at the end of his appointment, the agency violated the merit system principles.  PFR File, Tab 1 at 2.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  In any event, even when an employee has established the Board's jurisdiction over his IRA appeal such that the merits of the agency's action are adjudicated, the Board will not consider any affirmative defenses.  5 C.F.R. § 1209.2(c); *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 16 (2016).  Here, as noted, the appellant has failed to establish Board jurisdiction.[6]

¶10     Finally, the appellant asserts on review that he is not a lawyer and cannot afford one, suggesting presumably that, for that reason, he has been unable to present his case in a more favorable light.  PFR File, Tab 1 at 2.  The consideration the Board affords pro se litigants as they pursue their appeals does not extend to a less strict interpretation of the law.  Moreover, it is well established that an appellant is responsible for the errors of his chosen representative.  *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

---

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                            _____
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.